Dain Smoland (SBN 14328)
Taylor Goldstein (SBN 18940)
SMOLAND LAW
422 North 300 West
Salt Lake City, UT 84103
T:  801-980-3625
F:  385-200-2341
E: dain@smolandlaw.com

*Attorneys for Plaintiff Andrew William Houlin*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| | |
|---|---|
| ANDREW HOULIN,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN FORSEY,<br><br>Defendant. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br>Civil No. 2:24-CV-293-DAO<br><br>Magistrate Judge Daphne Oberg |

Plaintiff Houlin responds and objects to Defendant Forsey's Motion to Dismiss as follows:

### I. Rule 12(b) Dismissal Is a Harsh Remedy, Subject to a High Standard

Trooper Forsey seeks to bypass a jury trial and indeed any discovery at all by having this Court dismiss Mr. Houlin's claims under Rule 12(b)(6). *See* Motion to Dismiss and Memorandum of Support (herein "Forsey's Motion"), Dkt. 10, pg. 8.

As this Court is aware, granting a Rule 12 motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *See Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir.2009).

To survive Rule 12(b)(6) dismissal, a complaint need only "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The notice-pleading rules "are not meant to impose a great burden on a plaintiff," *Dura Pharm. Inc. v. Broudo*, 544 U.S. 336, 347 (2005), so the plaintiff receives every favorable inference that may be drawn, *Mink v. Knox,* 613 F.3d 995, 1000 (10th Cir. 2010).

As explained below, Mr. Houlin easily meets this pleading standard.

## II. Trooper Forsey Inappropriately Tweaks the Facts to Suit His Argument

Ostensibly recognizing that Mr. Houlin is entitled to have his plead facts accepted as true and to have every favorable inference drawn from his complaint, *see* Forsey's Motion, pg. 13-14 (citing caselaw), Trooper Forsey then proceeds to subtly tweak the factual statements in Mr. Houlin's complaint to use them as admissions against him.

For example, to provide fair context for the incident under review, Mr. Houlin noted that, after pulling him over, "Forsey *claimed* that Houlin's eyes were glassy and blood shot," and "Forsey *claimed* that he could smell the odor of alcohol coming from Houlin's mouth." *See* Complaint, Dkt. 2, pg. 16-17 (emphasis added). But Trooper Forsey, in his Motion, tries to change these statements of what he *claimed* to observe into admissions of what he *actually* observed. *See* Forsey's Motion, pg. 10-11 ("During

2

the subsequent traffic stop, Forsey *observed* that 'Houlin's eyes were glassy and blood shoot' and 'he *could* smell the odor of alcohol coming from Houlin's mouth.")(emphasis added).

Similarly, Trooper Forsey changes Mr. Houlin's simple statement of fact about the number of clues Forsey *reported* seeing on the field sobriety tests to a supposed admission that Forsey *actually saw* these clues. *Compare* Complaint, pg. 4 (P23-25) *with* Foresey's Motion, pg. 11-12.

Trooper Forsey then goes a step further and cites the NHTSA manual to assert that these clues were sufficient to accurately predict Mr. Houlin's BAC. *See* Forsey's Motion, pg. 11-12. To be clear, Mr. Houlin did reference a portion of the NHTSA manual in his Complaint, and he is not opposed to the Court taking judicial notice of it. But he did not allege, nor does he concede here, that the NHTSA manual—a law enforcement publication—is legally controlling on issues of probable cause, like Trooper Forsey treats it. It is not.[1]

In sum, though none of these subtly altered "facts" Trooper Forsey presents for the purpose of his motion are necessarily dispositive (as explained below), Mr. Houlin objects to them as inaccurate recitations or unfair inferences drawn from his Complaint.

---

[1] *See, e.g., Hinman v. Joyce*, 201 F. Supp. 3d 1283, 1287 (D. Colo. 2016) "[In considering probable cause statement attached to motion for summary judgment] the Court notes . . . that it will consider these documents only as proof of what they say, not as proof that what they say is true.").

3

### III. Houlin's (Minor) Speeding Offense Is Not Dispositive, Because *Atwater* Does Not Give Forsey a Free Pass on an Illegal Scope of Detention nor an Illegal DUI Arrest

Trooper Forsey leans heavily on *Atwater v. Lago Vista* and its progeny to argue that Mr. Houlin's minor speeding offense somehow makes his allegations of constitutional violations moot, since Trooper Foresy could have arrested Mr. Houlin for doing 52 in a 45. *See* Forsey's Motion, pg. 15-18 (*citing Atwater v. Lago Vista*, 532 U.S. 318 (2001), *et al.*).

But it's a little more complicated than that. That's because Mr. Houlin not only alleged that he was unconditionally arrested for Speeding, but also that the scope and length of his detention exceeded constitutional limits. Complaint, pg. 8. That matters, because even assuming that Trooper Forsey could have or (much more doubtfully) would have arrested Mr. Houlin for a minor traffic offense, that would not entitle him to indefinitely detain, investigate, and then arrest Mr. Houlin for a different offense.

The 10th Circuit has already rejected just such an argument, in *Courtney v. Oklahoma ex rel., Dep't of Pub. Safety*, 722 F.3d 1216, 1222–23 (10th Cir. 2013), a case so similar to this one it deserves an in-depth review:

There, the plaintiff was stopped for going 82 in a 75, and for failure to dim his headlights. *Id.* at 1220. During the ensuing traffic stop, the plaintiff admitted to having a gun in the trunk, and the State Trooper arrested him for being a felon in possession of a firearm. *Id.* at 1220-21. The felony charge was ultimately unsupported by the facts, and the plaintiff was released without charges being filed. *Id.* at 1221.

Plaintiff filed a § 1983 action against the trooper, with two components: illegal extension of the scope and length of the traffic stop, and lack of probable cause to arrest

4

him. *Id*. at 1222. But the District Court granted the Trooper's summary judgment motion on the issue of qualified immunity.[2] *Id*. at 1221.

On appeal, the trooper defendant, just like Trooper Forsey here, sought to rely on *Atwater* and its related cases, to argue that since the minor traffic offense(s) were supported by probable cause, the motorist's constitutional claims of an unlawfully extended stop and an unlawful arrest could not survive. *See id*. at 1222 (*citing Virginia v. Moore*, 553 U.S. 164 (2008); *Devenpeck v. Alford*, 543 U.S. 146 (2004); and *Atwater*, 532 U.S.). The 10th Circuit disagreed. *See Courtney,* 722 F.3d at 1223. Concluding that the defendant's desired reading of the *Atwater* line of cases was "flawed" the Court pointed out that controlling cases such as *Illinois v. Caballes*, 543 US 405 (2005) have long held that even a valid stop can be unlawfully extended and unlawfully turned into a different investigation or arrest. *Courtney, 722 F.3d at 1223*. (citing multiple 10th circuit cases in addition to *Caballes*).

Similarly here, even granting the unlikely proposition that Trooper Forsey would have arrested Mr. Houlin for an extremely minor traffic offense, that arrest would look very different than what happened here, and would have had substantially less harm. Mr. Houlin would not have been subject to a painful blood draw (when the breath test didn't reach the Trooper's desired result); he would not have had been subject to the DLD's *per se* DUI procedures requiring a hearing; he would not have had to hire an attorney to defend him; and he would not have had a DUI arrest mare his otherwise

---

[2] As explained below, summary judgment review of qualified immunity is a different and lower standard than that presented in this case.

clean record, and damage his employment prospects. All of these were harms plead by Mr. Houlin in his complaint, and all of these were results of Trooper Forsey's unconstitutional extension and expansion of the highway stop for Speeding into an illegal arrest for DUI. *See* Complaint, ¶ 49-50. Like in *Courtney*, this Court should decline the Trooper's invitation to give him a free pass on constitutional violations because of Mr. Houlin's minor Speeding infraction.

### IV. <u>Mr. Houlin Adequately Stated His Claim That His Extended Detention for DUI And Ultimate Arrest for DUI Violated His 4th Amendment Rights</u>

To start, Mr. Houlin does not concede that Trooper Forsey had probable cause for a DUI arrest. As explained above, Trooper Forsey's statement of "relevant facts" does not accurately reflect Houlin's pleadings, which must be accepted as true at this stage. *See* Sec. I-II, *supra*. Contrary to conceding that Trooper Forsey "saw" a certain amount of clues on the field sobriety tests, Mr. Houlin only noted that he "reported seeing" those clues, and also alleged that he did not follow proper procedures nor count those clues accurately. *See* Complaint, ¶25-36. Again, at this stage of the proceedings, factual allegations accepted as true, viewed in fight most favorable to the plaintiff. E.g., *Mink,* 613 F.3d at 1000.

As noted above, Mr. Houlin alleged specifically that he was harmed not just by *an* arrest, but specifically for his wrongful extended detention and eventual arrest specifically for DUI. *See* Complaint, ¶49-67. This DUI arrest, and the harm that followed from it, was effectuated after Mr. Houlin had presented a BAC well below the legal limit for DUI, and after Trooper Forsey had submitted him to a painful and evidently

6

pointless blood draw which Trooper Forsey did not bother to submit to the lab, and after Trooper Forsey submitted an inaccurate affidavit of probable cause which knowingly admitted exculpatory information. *See, generally*, Complaint.

Trooper Forsey cites extensively to the unpublished case *Titus v. Ahlm* for the idea that the chemical test showing Mr. Houlin well below the BAC level for DUI did not affect his probable cause determination. *See* Forsey's Motion, pg. 27-28 (*citing Titus v. Ahlm*, 297 Fed. Appx. 796 (10th Cir. 2008).[3] But even if *Titus* was binding authority, it is readily distinguishable on the facts and procedural posture.

First, *Titus* begins with the presumption that the Trooper had probable cause for a DUI arrest. *See id.* at 799-800. But this was based, at least in part, on observation of bloodshot eyes, smell of alcohol, and poor performance on friend sobriety tests. *See id.* at 798. As noted above, Mr. Houlin does not concede any of those facts, and actively disputes that the FST clues were counted properly. *See* Complaint, ¶25-26.

Second, *Titus* was decided on summary judgment, *id.* at 798, a standard that is significantly higher than the Rule 12(b)(6) standard Trooper Forsey proceeds under. *See, e.g., Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014).

---

[3] It appears Trooper Forsey failed to follow local rule DUCivR 7-2, which directs litigants citing to cases not chosen for publication to clearly mark them as such.

Third, *Titus* lacks the aspect of an affidavit for probable cause, or an allegation (like that made here) that the officer knowingly omitted relevant exculpatory information from that affidavit.[4] *See* Complaint, ¶61.

In sum, this Court should find *Titus* unpersuasive because it's different on the facts, but even without that distinction, *Titus* is contrary to the logic of the *Courtney* decision (both a more recent decision and a published decision) which explains that a § 1983 claim may still rest on the fourth amendment requirement for officers to have justification for their continued detention of an arrestee, not just the initial decision. *See Courtney*, 722 F.3d at 1223.

### V. **Without Stating as Much, Trooper Forsey's Arguments– including his Qualified Immunity Claim–Ask This Court to Weigh Evidence and Find Facts, Which It Cannot Do at This Stage**

Trooper Forsey claims that he's entitled to qualified immunity. Forsey Motion, pg. 32, *et seq*.

Though a qualified immunity claim may be raised in a motion to dismiss, doing so "subjects the defendant to a more challenging standard of review than would apply on summary judgment." *Peterson v. Jensen*, 371 F.3d 1199, 1201 (10th Cir.2004). So even though Trooper Forsey claims that Mr. Houlin "has not met his burden" of showing that the constitutional "right was clearly established" to defeat qualified immunity, Forsey Motion, pg. 33, the fact is that a § 1983 plaintiff like Mr. Houlin "need not plead that the

---

[4] Though Trooper Forsey argues that such a claim also fails (relying at least partially in *Titus* itself), *see* Forsey's Motion, pg. 31, it does not, and certainly not at this stage of proceedings, for reasons discussed below. *See* Sec. V, *infra*.

8

right violated is clearly established." *Currier v. Doran* 242 F.3d 905 (10th cir. 2001). As the Supreme Court has noted, "[w]e have refused to change the federal rules governing pleading by requiring the plaintiff to anticipate the immunity defense." *Crawford-El v. Britton,* 523 U.S. 574, 595 (1998).

The district court's "function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Blackmore v. Carlson*, 574 F. Supp. 3d 1012, 1026 (D. Utah 2021) (*citing Gilchrist v. Citty*, 71 F. App'x 1, 2–3 (10th Cir. 2003) (unpublished)).

Here, Trooper Forsey's argument that he had reasonable suspicion for the extended DUI investigation,[5] probable cause for the DUI arrest,[6] and his related claim that, even if Mr. Houlin's rights were violated, they were not "clearly established";[7] all rest on his self-serving interpretation of what the Complaint stated.[8] As noted above, this is not what Mr. Houlin's complaint plead or conceded. *See generally* Sec. II, *supra*. In point of fact, Mr. Houlin alleged that Trooper Forsey inaccurately instructed and counted the clues in field sobriety tests. *See* Complaint ¶25-26. He also alleged that the facts and circumstances known to Trooper Forsey did not justify his arrest for DUI. *Id.*

---

[5] *See* Forsey's Motion, pg. 19-20.

[6] *Id.* at pg. 21-25

[7] *Id.* at pg. 32-35.

[8] *See id.* at 23 (alleging what Forsey "observed" and what clues he "saw" in the field sobriety tests).

at ¶58. And he alleged that Trooper Forsey knowingly omitted exculpatory information from the subsequent warrantless arrest affidavit. *Id.* at ¶61.

As the 10th Circuit has recognized, fact-intensive balancing tests under the qualified immunity framework are difficult for a court to accomplish without the full facts coming out through discovery. *See Thomas*, 765 F.3d at 1196-97. And as this very district has noted, in a similar § 1983 claim involving exculpatory facts omitted from a warrant affidavit, "whether an affidavit that included the omitted facts would establish probable cause is a close enough question that it cannot be resolved as a matter of law at [the motion to dismiss stage]." *Long v. Boucher*, No. 1:19-CV-56, 2020 WL 6899496, at *2-3 (D. Utah Nov. 24, 2020) (*citing DeLoach v. Bevers*, 922 F.2d 618, 623 (10th Cir. 1990) for proposition that the issue of probable cause turns at least in part on factual questions and thus should be decided by a jury in a § 1983 suit, at least if there are genuine disputes of material fact).

The Court here should similarly conclude, deny Trooper Forsey's motion to dismiss, and allow this case to continue to discovery and/or trial.

DATED this 7th day of August, 2024

SMOLAND LAW

 /s/ Dain Smoland
Dain Smoland

*Attorney for Plaintiff Andrew Houlin*